OSCAR ALWAN, Plaintiff-Appellee, *v.* RIZK ALWAN *et al.*, Defendants-Appellants.

Third District    No. 80-418

Opinion filed May 13, 1981.

Robert L. Silberstein and Michael W. Heller, both of Silberstein & Heller, of Peoria, for appellants.

Tim Swain, of Swain, Johnson & Gard, of Peoria, for appellee.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

Rizk Alwan and Oscar Alwan, relatives and business associates, formed a corporation to operate a fast-food fried chicken business, Famous Recipe of Peoria, Inc. Each took 50% of the stock. Rizk is the president. Oscar is the secretary.

The corporation leased a restaurant location owned by Oscar and his wife for 10 years and subject to a five-year renewal.

When the original 10-year term of the lease expired, it was not renewed pursuant to its terms. That is to say, no renewal notice was given. Instead, Oscar leased the premises to his two sons.

Although the parties are adversaries in numerous legal claims involving the corporation, the issue before this court on appeal is a narrow one. Rizk claims that Oscar was devious, derelict and deceitful in not sending out the lease-renewal notice from himself as corporate secretary to himself individually as landlord. Rizk claims that Oscar had a duty to do that and, not having done it, that the lease is renewed automatically by operation of law for an additional five years.

What does the lease say?

Article 2 of the lease agreement provides:

"The term of this lease shall be for a period commencing on July 17, 1970, and ending on July 31, 1980, with an option to renew as set forth in Article 12."

Article 12 provides:

"The Tenant shall have the option and privilege to renew this lease for one (1) additional period of 5 years, provided, it gives written notice thereof to the Landlord, at least one (1) year but not more than 15 months prior to the expiration of the primary term of this lease."

In seeking to impose a duty on Oscar as secretary of the corporation to give notice of lease renewal, Rizk cites section 8(b) of article IV of the corporate bylaws. That section provides that the secretary of the corporation shall:

"* * * see that all notices are duly given in accordance with the provision of these By-Laws or as required by law."

The trial judge found that the terms of the lease were unambiguous; that only the corporation in its official capacity had the power to renew the lease; that Oscar Alwan, albeit the corporate secretary, had no affirmative unilateral duty, acting on his own, to send out a renewal notice from himself as corporate secretary to himself as individual landlord: that since there was no renewal, the lease had expired by its own terms and that there was no renewal by operation of law.

We agree.

The corporate secretary is a ministerial officer. The corporate president is the operating officer. Oscar was the secretary. Rizk was the president. Each, as a 50% owner of the corporate stock and as a corporate officer, could, of course, have initiated proceedings within the corporation to see that a resolution was passed to accomplish the renewal. This was not done. Rizk himself, as president, did nothing. The lease was simply allowed to lapse by its own terms. In short, nothing was done by anybody.

The language in the corporate bylaws pertaining to notices requires only that the secretary give such notices as are (1) required by the bylaws and (2) legal notices required by law. That is all. It does not encompass the affirmative duty envisioned by Rizk which would make Oscar, as corporate secretary, responsible for any and all notices of every shape and form, *e.g.*, renewal notices for leases, newspaper subscriptions, charitable pledges, etc. Indeed, had Oscar sent the renewal notice from himself as corporate secretary to himself as landlord without specific corporate authorization, he would have been justly criticized. Supposing, for instance, that the lease renewal had been unfavorable to the corporation and that Oscar had renewed it without corporate authorization. Rizk would then be justly heard to complain of Oscar's unauthorized actions.

For the reasons stated, the order of the Circuit Court of Peoria County is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.